1

**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017

2
E-mail: jfoley@hkm.com
3753 Fairlawn Ave

3
Las Vegas NV 89121

4
Tel: (702) 376-5174
E-mail: jennylbfoley@yahoo.com

5
*Attorneys for Plaintiff*

6

7
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

8

9
SARAH ZIEGLER, an Individual,

**CASE NO.:**

10
Plaintiff,

11
vs.

**COMPLAINT AND JURY DEMAND**

12
Thomas J. Vilsack, Secretary United States

13
Department of Agriculture, Agricultural
Research Service; Lawrence Chandler, an

14
Individual, Alfonso Clavijo, an Individual

15
Defendant.

16

17

18
The Plaintiff SARAH ZIEGLER ("**Dr. Ziegle4r**" or "**Plaintiff**") by and through her

19
attorneys, Jenny L. Foley, Ph.D., Esq. hereby complains and alleges as follows:

20
**JURISDICTION**

21
1.      This is an action for damages brought by Plaintiff for unlawful workplace

22
discrimination and retaliation based on gender under Title VII of the Civil Rights Act of 1964

23
("Title VII"), 42 U.S.C. §2000e et seq and applicable state laws.

24
2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28

25
U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C.

26
§2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this

27
Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C.

28
§ 1367.

Page **1** of **6**

1       **EXHAUSTION OF ADMINISTRATIVE REMEDY**

2       3.      On or about July 15, 2021, Plaintiff initiated the process of filing a Charge of

3   Discrimination against her employer, the Defendant named in this action with the Equal

4   Employment Opportunity Commission wherein she alleged discrimination based on sex, gender

5   and retaliation and subject to harassment (non-sexual).

6       4.      On or about March 27, 2024 Plaintiff received her Final Agency Decision.

7       5.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

8       6.      Plaintiff has exhausted her administrative remedy on all claims pled hereunder

9   prior to filing this action with this Court.

10      **GENERAL ALLEGATIONS**

11      7.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though

12  fully set forth herein.

13      8.      Plaintiff is a United States citizen and currently resides in Manhattan, Kansas.

14      9.      Defendant Thomas J. Vilsack is the Secretary, United States Department of

15  Agriculture.

16      10.     Plaintiff is a former employee of the United States Department of Agriculture.

17      11.     Lawrence Chandler is an individual and Plaintiff's former second line

18  supervisor.

19      12.     Alfonso Clavijo is an individual and Plaintiff's former supervisor.

20      13.     At all times relevant to this matter, Defendant had over 50 employees, and is

21  therefore subject to the provisions of Title VII.

22      14.     Plaintiff is female.

23      15.     Plaintiff was an employee from approximately July 7, 2020 through

24  approximately March, 2022.

25      16.     Plaintiff's final position for Defendant was as a Science Advisor, an essentially

26  meaningless title with no clear job duties or responsibility.

27      17.     Plaintiff previously served as the Deputy Director of the National Bio-and Agro

28  risk Defense Facility (NBAF), a highly prestigious position, wherein she supervised employees,

1    oversaw several units within NBAF and had national level exposure in her job duties.

2          18.    Plaintiff suffered discrimination on the basis of her sex (female) and harassment

3    and reprisal when, among a variety of other occurrences:

4          a.  Plaintiff was issued a Letter of Reprimand on January 22, 2022 which was false.

5          b.  Plaintiff was improperly demoted from Deputy Director (NBAF) to a "Science

6             Advisor" position in November, 2021

7          c.  Plaintiff was denied a transfer to a Bio-Risk manager position in December,

8             2021, a position she had previously been offered (but declined in favor of the

9             Deputy Director position), and which her supervisor had tried to force her into

10             several months prior

11          d.  Plaintiff was required to continue to oversee the duties of the Bio-Risk Manager

12             position and remain part of the Core Transition Team and remain the legally

13             Responsible Official for the National Bio and Agro-Defense Facility (NBAF)

14             and

15          e.  Plaintiff was not permitted to

16             i.  serve as lead for the NBAF "All Hands" meetings

17             ii.  Attend Facility security counseling meetings

18             iii.  Participate in the Plum Island Animal Disease Center All Hands meeting

19             iv.  Participate in VIP Tours

20             v.  And other such similar instances.

21          f.  Plaintiff was discouraged from filing or pursuing an EEOC Complaint.

22    **FIRST CAUSE OF ACTION**

23    **(Discrimination Based on Sex and in violation of State and Federal Statutes)**

24          19.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though

25    fully set forth herein.

26          20.    Plaintiff is a member of the class of persons protected by state and federal

27    statutes prohibiting discrimination based on race, disability, or a combination of both.

28          21.    Defendant as an employer is subject to State and federal statutes prohibiting

1    discrimination, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation

2    to provide Plaintiff with a work environment free from discrimination and harassment.

3        22.     Defendant refused to take reasonably adequate steps to prevent discrimination

4    against Plaintiff by knowingly allowing employees to harass Plaintiff because of her sex and

5    by failing to address Plaintiff's complaints of discrimination.

6        23.     Plaintiff endured a series of discriminatory acts carried out by Defendant, the

7    examples of which are outlined above.

8        24.     Plaintiff first reported discriminatory conduct to Larry Chandler, her second line

9    supervisor in early October, 2021.

10        25.     Plaintiff further reported the hostile environment to the EEOC in October, 2021.

11        26.     No other similarly situated persons, not of Plaintiff's protected class, were

12    subject to the same or substantially similar conduct.

13        27.     Plaintiff suffered adverse economic impact due to Defendant's discriminatory

14    behavior and termination.

15        28.     Plaintiff was embarrassed, humiliated, angered and discouraged by the

16    discriminatory actions taken against her.

17        29.     Plaintiff suffered compensable emotional and physical harm, including but not

18    limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful

19    discrimination by her employer.

20        30.     Plaintiff is entitled to be fully compensated for her emotional disturbance by

21    being forced to endure this discrimination.

22        31.     Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover

23    punitive damages for Defendant's intentional repeated violations of federal and state civil rights

24    laws.

25        32.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

26        33.     Plaintiff is entitled to an award of reasonable attorney's fees.

27        34.     Defendant is guilty of oppression, fraud or malice, express or implied as

28    Defendant knowingly and intentionally discriminated against Plaintiff because of her sex.

1    35.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to

2  deter other employers from engaging in such conduct and by way of punishing the Defendant

3  in an amount deemed sufficient by the jury.

4                          **SECOND CAUSE OF ACTION**

5    **(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

6    36.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though

7  fully set forth herein.

8    37.    In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she

9  complained of acts which he reasonably believed were discriminatory.

10    38.    Plaintiff complained of discrimination as well as retaliation to her supervisors

11  and the EEOC but no action was taken.

12    39.    There may be more detrimental acts of which Plaintiff is unaware which may

13  also constitute retaliation in that it harmed Plaintiff.

14    40.    The actions and conduct by Defendant constitute illegal retaliation which is

15  prohibited by federal and state statutes.

16    41.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

17    42.    Plaintiff is entitled to an award of reasonable attorney's fees.

18    43.    Defendant is guilty of oppression, fraud or malice, express or implied because

19  Defendant knowingly and intentionally retaliated against Plaintiff because she submitted a

20  complaint of discrimination.

21    44.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to

22  deter other employers from engaging in such conduct and by way of punishing the Defendant

23  in an amount deemed sufficient by the jury.

24    **WHEREFORE,** Plaintiff prays this court for:

25        a.  A jury trial on all appropriate claims;

26    moreover, to enter judgment in favor of the Plaintiff by:

27        b.  Awarding Plaintiff an amount sufficient to fully compensate her (including tax

28            consequences) for all economic losses of any kind, and otherwise make her

1         whole in accordance with Title VII, §1981, and certain claims brought

2         pursuant to state Statute

3      c.   General damages;

4      d.   Special damages;

5      e.   An award of compensatory and punitive damages to be determined at trial;

6      f.   Pre- and post-judgment interest;

7      g.   An award of attorney's fees and costs; and

8      h.   Any other relief the court deems just and proper.

9

10     Dated this ___ Day of June, 2024.

11                      **JENNY L. FOLEY, PHD., ESQ.**

12

13                      */s/ Jenny L. Foley*
                     **JENNY L. FOLEY, Ph.D., Esq.**

14                      Nevada Bar No. 9017
                     3753 Fairlawn Ave

15                      Las Vegas, NV 89121
                     Tel: (702) 376-5174

16                      E-mail: jennylbfoley@yahoo.com
                     *Attorney for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28